IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R&L CARRIERS SHARED SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH LABOR COMMISSION and JACESON MAUGHAN,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00335-JNP-DBP<br><br>Chief District Judge Jill N. Parrish |

On June 5, 2025, Defendants Jaceson Maughan, Commissioner of the Utah Labor Commission, and the Utah Labor Commission filed a motion to dismiss the instant case. ECF No. 12. Plaintiff R&L Carriers Shared Services, LLC, opposes the motion. For the following reasons, the court grants the motion to dismiss.

## BACKGROUND[1]

Plaintiff is a limited liability company that has its principal place of business in Wilmington, Ohio. ECF No. 1 ¶ 4. Because Plaintiff operates in the State of Utah, it is subject to the Utah Occupational Safety and Health Act ("UOSH Act"). *Id.* ¶ 12; *see* Utah Code Ann. § 34A-6-104(2).

On April 12, 2023, an incident took place at Plaintiff's Salt Lake City Terminal in which a forklift (and an employee within the forklift) fell four feet from the loading dock to the ground

---

[1] The court recites the facts as alleged in Plaintiff's complaint. *See* ECF No. 1.

after a trailer was prematurely pulled away from a loading door. ECF No. 1 ¶ 19. The employee was injured. *Id.*

After the incident, a Utah Occupational Safety and Health Division ("UOSH") Compliance Officer investigated and initiated an inspection of the facility. *Id.* ¶ 21; *see* Utah Code Ann. §§ 34A-6-301(1)(a)(i)–(iii). On May 30, 2023, UOSH issued Plaintiff a citation based on the inspection. ECF No. 1 ¶ 22; *see* Utah Code Ann. § 34A-6-302(1). Plaintiff contested the citation on June 23, 2023, as it alleges that the incident was not the result of its safety policies but rather the result of unpreventable employee misconduct. ECF No. 1 ¶¶ 12, 24; *see* Utah Code. Ann. §§ 34A-6-303(1)(a), 34A-6-303(2)(c). The Utah Labor Commission then initiated formal adjudicative proceedings pursuant to Sections 34A-6-105 and 34A-6-303(3) of the UOSH Act.[2] ECF No. 1 ¶ 25. The Commission issued a Notice of Formal Hearing on May 22, 2024, with the Formal Hearing set for November 20, 2024. *Id.* ¶ 12. Based on a stipulated motion to stay, the Formal Hearing was then postponed to June 17, 2025. *Id.* ¶ 13. The Formal Hearing was later further stayed until the instant case is resolved. *See* ECF No. 12 at 3.

As part of the UOSH Act, the Utah Labor Commission is able to assess civil monetary penalties for certain actions against an employer. ECF No. 1 ¶ 26; *see* Utah Code Ann. § 34A-6-307. The UOSH Act does not provide for the right to a trial by jury, however. ECF No. 1 ¶ 26. Instead, an administrative law judge assigned by the director of the Utah Labor Commission's Division of Adjudication presides over the proceedings. *Id.* ¶ 33; *see* Utah Code Ann. §§ 34A-6-304(1)(a)–(b). The administrative law judge's findings of fact, conclusions of law, and order can

---

[2] The Utah Labor Commission is empowered to review citations issued by UOSH that allege violations of the UOSH Act. ECF No. 1 ¶ 5; Utah Code Ann. §§ 34A-6-105, 34A-6-303(3).

be appealed to the Utah Labor Commissioner or the Utah Labor Commission's Appeals Board. ECF No. 1 ¶ 34; *see* Utah Code Ann. §§ 34A-6-304(2)(a)–(c). This decision in turn is appealable to the Utah Court of Appeals. ECF No. 1 ¶ 35; *see* Utah Code Ann. § 34A-1-303(6).

Plaintiff finds fault with this administrative process because the process does not provide "the responding employer with an opportunity for a jury to hear the evidence and decide the facts at issue in the case." ECF No. 1 ¶ 36. It alleges violations of the Seventh Amendment of the U.S. Constitution, of 42 U.S.C. § 1983, and of Article I, Section 10 of the Utah Constitution. It seeks injunctive relief, a declaration that the Seventh Amendment applies to the States through the Fourteenth Amendment to the United States Constitution, and a declaration that the UOSH Act violates the Seventh Amendment to the United States Constitution and Article I, Section 10 of the Utah Constitution by not providing for a right to a trial by jury.

On June 5, 2025, Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They argue that Plaintiff is not entitled to a trial by jury for the underlying state agency proceeding and that the court therefore lacks subject matter jurisdiction and the complaint fails to state a claim for relief. ECF No. 12 at 3. Plaintiff opposes the motion.

**LEGAL STANDARD**

Defendants argue that the complaint against it should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the court lacks subject matter jurisdiction. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). "[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment

3

motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

Rule 12(b)(6) provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

## ANALYSIS

The court treats Defendants' motion as a Rule 12(b)(6) motion. The question of whether the court has jurisdiction over Plaintiff's claims is intertwined with the merits of Plaintiff's complaint—namely, whether the Seventh Amendment applies to individual states and can thus provide subject matter jurisdiction. *See Holt*, 46 F.3d at 1003. Indeed, the four claims for relief in Plaintiff's complaint each rely on the proposition that Plaintiff is entitled to a jury trial—pursuant to either the Seventh Amendment to the U.S. Constitution or Article I, Section 10 of the Utah Constitution. Defendants argue, however, that Plaintiff is not entitled to any such right.[3] ECF No. 12 at 1–2.

---

[3] Defendants further argue that if the court agrees the Seventh Amendment does apply to the State of Utah, the Seventh Amendment would nevertheless not apply to the state agency proceeding at hand. ECF No. 12 at 2. They also argue that federal courts cannot preemptively enjoin a state administrative agency from hearing a case that falls under a state administrative statute. Because the court resolves the motion to dismiss based on Defendants' first argument, the court need not address these other arguments.

At least with respect to the Seventh Amendment, the court agrees with Defendants. The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. The Supreme Court has been clear that the Seventh Amendment does not apply to individual states since its ruling in *Minneapolis & St. L.R. Co. v. Bombolis*. 241 U.S. 211, 217 (1916) (holding "the 7th Amendment applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same"); *see Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 418 (1996) (stating the Seventh Amendment "governs proceedings in federal court, but not in state court"); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 765 n.13 (2010) (noting that the Seventh Amendment has not been incorporated); *id.* at 867 (J. Stevens, dissenting) (noting the Court has "declined to apply several provisions to the States in any measure," including the Seventh Amendment).

Plaintiff responds that it has plausibly alleged a violation of its right to a jury trial under the Seventh Amendment because it argues *Bombolis* is outdated, with the decision relying on "now-discarded" reasoning. ECF No. 16 at 8. To be sure, *Bombolis* and the associated precedent around the Seventh Amendment's lack of incorporation have received some recent critical attention at the Supreme Court. *See McDonald*, 561 U.S. at 765 n.13 ("Our governing decisions regarding the Grand Jury Clause of the Fifth Amendment and the Seventh Amendment's civil jury requirement long predate the era of selective incorporation."); *Thomas v. Humboldt Cnty., California*, No. 24-1180, 2025 WL 2906470, at *2 (U.S. Oct. 14, 2025) (J. Gorsuch, respecting denial of certiorari) ("*Bombolis* may survive today, but this Court should confront its Seventh Amendment holding soon."). However, Plaintiff does not, and indeed cannot, point to any

5

Supreme Court decision that actually overturns *Bombolis* or holds that the Seventh Amendment applies to the states. *See Gonzalez-Oyarzun v. Caribbean City Builders, Inc.*, 798 F.3d 26, 29–30 (1st Cir. 2015) (disagreeing with the proposition that the Supreme Court in *McDonald v. City of Chicago* overruled *Bombolis* or other precedent holding the same). Rather, it is manifestly clear that *Bombolis* "survive[s] today." *Thomas*, No. 24-1180, 2025 WL 2906470, at *2.

The court thus follows, as required, the long-standing, controlling precedent that the Seventh Amendment does not apply to the states and has not been incorporated. *See United Sates v. Maloid*, 71 F.4th 795, 808 (10th Cir. 2023) ("Only the Supreme Court can overrule its own precedents."); *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

Plaintiff's first and second claims for relief accordingly fail. As both parties agree, the current case involves adjudicative proceedings before a state administrative agency. *See* ECF No. 12 at 4; ECF No. 16 at 2 ("The Utah Labor Commission . . . is an independent administrative agency of the State of Utah."). The Seventh Amendment is thus inapplicable. *See, e.g., Stewart v. Dep't of Consumer Affs. of California*, No. 21-CV-07674-KAW, 2021 WL 11586328, at *2 (N.D. Cal. Nov. 10, 2021), *report and recommendation adopted*, No. 21-CV-07674-EMC, 2021 WL 11586326 (N.D. Cal. Dec. 8, 2021) ("Here, the proceedings did not occur in federal court, but appear to be state administrative hearings. Thus, the Seventh Amendment does not apply."). Consequently, Plaintiff's allegation that Defendants are depriving Plaintiff of its rights secured by the Seventh Amendment by enforcing the provisions of the UOSH Act cannot support its § 1983 claim.

6

Because the first two claims for relief fail and are subject to dismissal, the court declines to exercise supplemental jurisdiction over the third claim for relief—that the UOSH Act violates the Utah Constitution.[4] Federal courts may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as the federal claims. 28 U.S.C. § 1367(a). "[W]hen a district court dismisses the federal claims, leaving only [supplemental] state claims, the most common response has been to dismiss the state claim or claims without prejudice." *Villalpando ex rel. Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (finding a district court abused its discretion by exercising supplemental jurisdiction over state law claims when the Plaintiff's § 1983 claims were properly dismissed). The court here finds no "compelling reason" to retain jurisdiction over Plaintiff's third claim, given the "[n]otions of comity and federalism" at play when a federal court interprets a state constitution and the fact that the federal case has not yet progressed far. *See id.* at 688–89.

Finally, the fourth claim for relief—declaratory and injunctive relief—necessarily relies on the prior three claims for relief. With the first two claims lacking merit and the court declining jurisdiction over the third claim, there is no basis for declaratory or injunctive relief.

---

[4] Determining whether a court may exercise supplemental jurisdiction requires distinguishing between a dismissal granted pursuant to Rule 12(b)(1) or pursuant to Rule 12(b)(6). *See Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1167 (10th Cir. 2004). Defendants' motion to dismiss invokes both rules. Here, the court dismisses the federal claims pursuant to Rule 12(b)(6), as the Plaintiff has "failed to allege sufficient claims to warrant judicial relief." *Id.* Thus, the court may exercise supplemental jurisdiction over the state law claims but declines to do so. In contrast, if the court had dismissed the case pursuant to Rule 12(b)(1), it would have "lost all original jurisdiction on which to append supplemental state law claims, even if they arose from the same common nucleus of fact." *Id.* at 1168. In any case, the distinction here is academic, as the court does not exercise supplemental jurisdiction.

## CONCLUSION AND ORDER

For the reasons above, Defendants' motion is **GRANTED**, and the court **DISMISSES**

Plaintiff's claims against Defendants.

Signed March 25, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge